**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, INC.,**<br><br>**Petitioners,**<br><br>**v.**<br><br>**ENVIRONMENTAL PROTECTION AGENCY,**<br><br>**Respondent.** | **Case No. 26-3769** |
| **NATURAL RESOURCES DEFENSE COUNCIL, INC.,**<br><br>**Petitioners,**<br><br>**v.**<br><br>**ENVIRONMENTAL PROTECTION AGENCY,**<br><br>**Respondent.** | **Case No. 26-3770** |

## UNOPPOSED MOTION TO CONSOLIDATE

Respondent Natural Resources Defense Council, Inc. (NRDC), respectfully moves to consolidate the above-captioned cases, case numbers 26-3769 and 26-3770. Both cases are petitions for review of related EPA actions taken under the same statutory authority, and which will present overlapping and related legal and technical issues. Consolidating these cases will promote judicial economy by

streamlining briefing and argument. Consolidation will not prejudice any party. Counsel for Respondent, the U.S. Environmental Protection Agency (EPA), indicates that EPA does not oppose consolidation. Counsel for movant-Intervenor, the State of Ohio, likewise indicates that Ohio does not oppose consolidation.

Both case numbers 26-3769 and 26-3770 are petitions for review of EPA final actions approving Ohio's Clean Air Act state implementation plan submissions to meet the requirements of 42 U.S.C. § 7511a(b)(1)(A)(ii)(II). That subsection provides that "reasonably available control technology is required for all existing major sources" of volatile organic compounds and nitrogen oxides in areas designated as in "moderate" nonattainment of the national ambient air quality standards for ozone. The Cleveland ozone nonattainment area was designated as "moderate" nonattainment in 2022, *see* 87 Fed. Reg. 60897 (Oct. 7, 2022), triggering Ohio's obligation to establish "reasonably available control technology," or "RACT" for existing major sources. Those sources include 10 facilities addressed in the EPA actions challenged here: PPG Industries Ohio, Inc.; Owens Corning; Akron Paint and Varnish; Charter Steel; U.S. Steel Tubular Lorain; Carmeuse Lime; Ross Incineration; Lubrizol; Henkel; and Cleveland-Cliffs Cleveland Works.

On June 26, 2026, EPA published in the Federal Register two notices approving Ohio's submission of existing state-level requirements as "RACT" for

each of those 10 facilities. In case No. 26-2769, NRDC seeks review of EPA's notice published at 91 Fed. Reg. 38521 (June 26, 2026), approving the RACT submission for: PPG Industries Ohio, Inc.; Owens Corning; Akron Paint and Varnish; Charter Steel; U.S. Steel Tubular Lorain; Carmeuse Lime; and Ross Incineration. In case No. 26-2770, NRDC seeks review of EPA's notice published at 91 Fed. Reg. 38517 (June 26, 2026), approving the RACT submissions for: Lubrizol; Henkel; and Cleveland-Cliffs Cleveland Works. The two EPA actions present related and overlapping legal issues, including errors in EPA's evaluation of whether certain control technologies are "reasonably available" for the 10 facilities; inconsistency in EPA's assessment of the cost-effectiveness of RACT controls; and unlawful approval of RACT requirements that do not meet statutory requirements for public emissions reporting.

Consolidating the two petitions will allow these common issues to be efficiently presented to the court and will preserve both party and judicial resources. Consolidation will not prejudice any party, as reinforced by EPA's and Ohio's non-opposition to this motion. The Court should therefore grant NRDC's motion and consolidate these cases.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Sarah A. Buckley*
Sarah A. Buckley
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, D.C. 20005
Ph: 202-836-9555
sbuckley@nrdc.org

*/s/ Abirami Vijayan*
Abirami Vijayan
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, D.C. 20005
Ph: 202-836-9866
avijayan@nrdc.org

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (f) and (g), I hereby certify that the foregoing motion complies with the limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 448 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Fed. R. App. P. 27(d)(1)(E), 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman font.

*/s/ Sarah A. Buckley*
Sarah A. Buckley
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, D.C. 20005
Ph: 202-836-9555
sbuckley@nrdc.org